## SUPREME COURT.

HIRAM S. BLUNT, respondent, agt. THE MAYOR, ALDERMEN
AND COMMONALTY OF THE CITY OF NEW YORK.

*New York (city of) — Attendants or officers of the supreme court — how
appointed — Effect of act (Laws 1872, chap. 438) on officers then holding
office.*

'The effect of the act of 1872, vesting in the judges of the supreme court
the power to appoint attendants (*Laws of* 1872, *chap.* 438), though it
took effect immediately, did not so operate as to terminate the existing
office, or impair its functions, or remove incumbents; it transferred the
power of appointment from one officer to another body of officers; but
the omission of the latter to use their authority could not be construed
into a removal of the existing officers, although a new appointment by
the judges of another person to the same office would necessarily have
that effect.

The officer *ad interim* would be entitled to compensation if he had ren-
dered the services (*The case of Genet* agt. *The Mayor,* 76 *N. Y.,* 625, *not
in conflict*).

*First Department, General Term, May,* 1879.

*Before* BRADY, *P. J.,* INGALLS *and* BARRETT, *JJ.*

THE plaintiff was employed as an attendant on the supreme
court in 1864, and continued to hold such position till June
1, 1872. His compensation was fixed at $1,200 per annum,
and he has been paid for his services except for the month
of May, 1872, and this action was brought to recover the
sum of $100. The testimony shows that he was an attendant
on the court, and performed the services required of him;
and that so soon as he found that his name was not on the
pay roll he left the court. Verdict was directed in favor of
plaintiff, and defendant has appealed from the judgment.

The defendants offered in evidence two documents only,
which were admitted, and thereupon moved to dismiss the

complaint, on the ground that the evidence showed that all the officers authorized by chapter 438 of 1872 had been appointed and paid for May, 1872. This the court denied, and defendants excepted.

*Elliot Sandford,* for respondent.

I. This exception was not well founded, and the ruling of the court was correct. The Code in 1864 gave the supervisors power to employ attendants (*Sec.* 28). This power was conferred on the judges of the court April 29, 1872, by chapter 438, Laws 1872, but the number of appointees was limited to four for each part of the court. That statute did not remove the plaintiff. It was only " when the court acted under the act of 1872, and appointed one or twenty attendants, the appointments and designations under the former act became, and were, a nullity" (*Holly* agt. *The Mayor,* 59 *N. Y.,* 166, 169 ; *People* agt. *Green, opinion by* DAVIS, J., *not reported ; Westervelt* agt. *The Mayor, not reported* ). In the case of *The People ex rel. Doyle* agt. *Green,* Mr. justice NOAH DAVIS *held* as follows, March, 1873, at Chambers: " On the 29th of April, 1872, the legislature conferred the power of appointment of such officers for their courts upon the judges of the superior court. The act took effect immediately ; but the judges of the superior court did not make the appointment under it until the eleventh day of June following, at which they appointed the relator. In the interval between the first of May and the eleventh day of June the relator continued to discharge the duties of the office. The sole question in controversy is, whether he is entitled to his salary during that period. * * * There is nothing in the act of April, 1872, which operates to terminate the existing office, or impair its functions, or remove incumbents. It transfers the power of appointment from one officer to another body of officers ; but the omission of the latter to use their authority cannot be construed into a removal of the existing officers. A new appointment by the judges of

another person to the same office would have that effect, but no such consequence can be held to flow from mere delay. In the mean time, and pending such delay, the recognition of the officer by the judges in discharge of his duties should be construed as an appointment rather than as a displacement. It is against the policy of law that offices deemed by the legislature of sufficient importance to the public to be provided for by statute, should become vacant by mere construction. The case, I think, is within the spirit of the general statute, enacted to guard against the happening of vacancies in office (1 *R. S.* [*Edm. ed.*), 107). I think the relator is clearly entitled to his pay for the interval between the 1st of May and the 11th of June, 1872."

II. The certificate made out by the three judges, June 1, 1872, if evidence at all, is no evidence that any attendants were appointed by the court under the act of 1872. It simply certifies that certain persons were serving as attendants. The omission of plaintiff's name from the list is no proof that he was not also " duly serving." It cannot be received as evidence for any purpose as against the plaintiff, who was a stranger to it (45 *N. Y.*, 19 ; 8 *Cow.*, 45 ; 6 *Cowen*, 261 ; 1 *Greenl. on Ev.*, sec. 498 ; 2 *Abb. Ct. App. Dec.*, 64 ; 54 *N. Y.*, 353). This certificate was in no way connected with the plaintiff. He was continued in service during the month of May, and a certificate dated June 1, 1872, cannot be received as evidence of removal in the month of May, and made to relate to a prior date. The pay-roll offered and allowed in evidence, under plaintiff's objection, was not evidence " for any purpose as against the plaintiff, and was not competent to prove the number of attendants in regular service, having rights prior or paramount to the plaintiff " (*Brennan* agt. *The Mayor*, 62 *N. Y.*, 365, 369 ; *Garrigue* agt. *Loescher*, 3 *Bosw.*, 578 ; *De Graff* agt. *Hovey*, 16 *Abb.*, 120). The pay-roll and certificate were of no higher grade of testimony than a conversation or an *ex parte* statement. They were both made subsequent to the date of plaintiff's service, and after his

rights were vested (*Burnham* agt. *Thurman*, 2 *Jones & S.*, 536).

III. The exception to the direction of the court to the jury to find a verdict for plaintiff presents no other question of law. The ruling of the court below was correct, and judgment should be affirmed.

On motion of defendants a reargument was ordered, because, as was alleged, the case was in conflict with the case of *Genet* agt. *The Mayor* (76 *N. Y.*, 625). On such reargument *Mr. Sandford*, for respondents, contended that this case does not depend upon the *Genet case* in any manner; they are wholly dissimilar. Genet claimed compensation from January to June, 1872. The defense was, that the plaintiff, at the time he claimed, was not an attendant on the court, and the jury so decided, and found that he was not entitled to any compensation after January 1, 1872, and the court of appeals held that he had been removed in October, 1871. The effect of chapter 348, passed April 29, 1872, was not involved in the case, and was not discussed. In this case the plaintiff, Blunt, does not seek to recover for services *after* the date of the certificate of the judges of the supreme court, viz., June 1, 1872. In the *Genet case*, the main question was that of appointment through a recognition by the court after October 1, 1871; and the jury to whom this disputed fact was left, found he was not so appointed, although he had been paid by comptroller Green up to January, 1872. In this case the plaintiff had been an attendant for eight years, and had not been removed. The answer alleges that he had been removed in May by the judges. As to the proof presented by the defendants, we insist it was wholly incompetent to sustain this defense, and there is nothing in the *Genet case* to sustain such evidence.

*Wm. C. Whitney*, corporation counsel, and *D. J. Dean*, of counsel.

I. The plaintiff's employment as attendant upon the court terminated prior to May 1, 1872. (1.) By chapter 438, Laws

of 1872, which was enacted and took effect on the 29th April, 1872, it is provided that the judges of the supreme court shall have power to appoint four officers for each part of said court, &c. That no other officers or clerks shall be appointed than is therein provided for; neither shall any clerks or officers of said courts be appointed by any other person or authority. . (2.) By the proof it appears that twenty-four officers (four for each of the six parts of the court), other than the plaintiff, were appointed by the court and have been paid by the defendants for attendance during the month of May. (3.) Therefore, it follows that, if the plaintiff may recover in this action, the mandate of the statute, that no other officer shall be appointed than is therein provided, will be disregarded and nullified, and its restrictive provisions rendered ineffectual. (4.) The act of 1872, took effect immediately, and upon its passage terminated the right of the plaintiff to continue in his employment. The authority under which he was acting was superseded by the new law, and no formal removal by notice or otherwise was necessary. In a similar case, the court of appeals say, as to an officer of the marine court, " he held his position under a statute which had been repealed, and an authority which had been revoked, and neither a removal nor a *supersedeas* by the appointment of another in his place was necessary to terminate his employment" (*Holley* agt. *The Mayor*, 59 *N. Y. Rep.*, 169). (5.) If the plaintiff's claim is based upon his employment by the court prior to the act of 1872, without any claim of appointment or recognition by the court subsequently to that act, then he must be defeated upon the ground adjudged in the *Holley case* (*supra*), that the authority of all prior acts and employment thereunder was superseded and terminated by the act of 1872, and the appointments made thereunder. But if the plaintiff's claim to recover is founded upon the contention that by continuing to accept his services after the enactment of the act of 1872, the judges effectually, though not formally, appointed him under the act of 1872, that claim is answered by the fact which

Blunt agt. The Mayor.

appears in the case, that four officers, other than the plaintiff, were formally appointed by the judges for each part of the court, and the power to appoint was thereby exhausted; the judges could not indirectly, by recognition and acceptance of the plaintiff's services, accomplish that which they could not do directly, viz.: appoint an officer in excess of the limit fixed by the law.

II. The judgment should be reversed, and a new trial ordered.

BRADY, *P. J.*—The appeal in this matter upon due deliberation was disposed of by affirming the judgment, but on motion therefor a reargument was ordered. It now appears that at the time the case was again submitted under the order just mentioned, an appeal had been taken to and was pending in the court of appeals. It may be questionable, therefore, whether this court has any jurisdiction of the case at present, but, inasmuch as the conclusion arrived at upon a reconsideration of the appeal is the same as that formerly expressed, it is of no consequence whether an appeal to the court of appeals is taken or not. The plaintiff in this action was employed as an attendant of this court under section 28 of the Code of Procedure, and so remained, it seems, until the 1st of June, 1872. On the 29th of April, 1872, the legislature, by chapter 438, vested in the judges of the court the power to appoint attendants, but it does not appear from any evidence in this case that the appointments were made by the judges of this court prior to the 1st of June, 1872. It is true that upon the trial herein, a certificate was introduced, signed by three judges of this court, in which it was stated that the persons named therein served as attendants, under the direction of the judges of the supreme court, for the month of May, 1872, on the six parts of the court, but this certificate is dated June 1st, 1872, and seems to be the record or attestation of a past event, and is not, therefore, in form, an appointment such as is contemplated by the act of the legislature already men-

tioned.   We think that the point presented in this case, which is necessarily the effect of the act just referred to upon the right of the plaintiff to recover, was properly disposed of by presiding justice DAVIS, in the case of *The People ex rel. Doyle* agt. *Green,* in which he held substantially that the act, though it took effect immediately, did not so operate as to terminate the existing office or impair its functions, or remove incumbents; that it transferred the power of appointment from one officer to another body of officers, and that the omission of the latter to use their authority could not be construed into a removal of the existing officers, although a new appointment by the judges of another person to the same office would necessarily have that effect.   The result of his deliberations was that the officer *ad interim* was entitled to compensation if he had rendered the services contemplated. We do not think the case of *Genet* agt. *The Mayor*, recently decided in the court of appeals (76 N. Y., 625), affects this view of the case in any respect, and we feel bound to adhere to our judgment formerly expressed.

The judgment should be affirmed.